UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| FRANCISCO P. CORTES, *et al*, | § | |
| | § | |
| Petitioners, | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-128 |
| | § | |
| THE UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

# REPORT AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b)(3). This case has been referred, by order of the District Court, to the United States Magistrate Judge for an evaluation of the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Because multiple courts and judges have made multiple attempts to distill a cognizable claim from Plaintiffs' assertions, the undersigned now **RECOMMENDS** that the District Court, after an independent and *de novo* review of the record, **DISMISS** the complaint and enter judgment, with prejudice, against Plaintiffs.

## Background

Plaintiffs Dierdre Celeste Coddington Bonds de Cortes-Cruz and her son, Francisco, proceeding *pro se* and *in forma pauperis* in this civil action against the United States, make a myriad of allegations against various federal government agencies, chiefly the Federal Bureau of Investigation. In a series of rambling filings collectively spanning over one thousand pages, Ms. Coddington cites the Benghazi attacks, pharmaceutical fraud, criminal prosecutions against members of Latin American drug cartels, prior child-welfare proceedings against her in California, and popular fringe conspiracy theories to support her assertions that the FBI has

caused her harm.  (Dkt. Nos. 1, 16, 17, 20, 23, 22, 24, 28, 30, 31, 32, 40).  The specific allegations range from negligent infliction of emotional distress to deliberate kidnapping and brainwashing of her son. *Id*.

Assembling the basic structure of Plaintiffs' claims is exceptionally difficult, but the basic sketches are as follows.  In 2004 in Atlanta, Georgia, an FBI agent appears to have paid Ms. Coddington as a confidential informant.  (Dkt. No. 1 at 1, 4; Dkt. No. 21 at 2).  Coddington contends that, as a result of this arrangement, she was made by the United States government to endure sexual and emotional abuse while living in a group home (Dkt. No. 1 at 3).  Meanwhile the co-plaintiff Francisco was sent to live at an Omnicare facility, where he allegedly was "sexually exploited, beat, drugged, starved and tortured." *Id*.  Additional injuries were allegedly perpetrated against the plaintiff by members of the CIA and FBI as they sought to prevent her from revealing their failures in the runup to the September 11, 2001 terrorist attacks (Dkt. No. 17-7, at 5).  The Plaintiff argues that this lawsuit is a vehicle through which a vast interagency governmental cover up relating to national security can be revealed.  (Dkt. No. 22 at 2).

## Analysis

When a plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e).  Crucially, even after a court has granted IFP status, "the court *shall* dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B) (emphasis added).[1]  "Dismissals on these grounds are often made *sua sponte* . . . to spare prospective defendants the inconvenience and expense of answering such complaints." *Nietzke v. Williams*,

---

[1] The 1996 amendments re-designated paragraph (d) as paragraph (e).

490 U.S. 319, 324 (1989). Section 1915(e) is designed to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id*. at 327. The statute, therefore, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations." *Id*.

Courts may dismiss as frivolous any "clearly baseless" claim—i.e., one that relies on "fanciful," "fantastic," and "delusional" allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The Court declined to refine its definition any further, reasoning that the district courts are "all too familiar" with factually frivolous cases. *Id*. at 33. And a finding of frivolousness is appropriate where the facts alleged "rise to the level of the irrational or the wholly incredible." *Id*.

Such is the case here. This case has proceeded for over a year as the Court has sought to distill the nature of the Plaintiff's claims. Noting that the Court "cannot be expected to sift through this incomprehensible deluge," this Court in a recent order struck many nonsensical pleadings and ordered Plaintiffs to file a short, plain statement "explaining exactly their legal claims against the FBI and the remedies they seek[.]" (Dkt. No. 34 at 2). This order was resent following the Plaintiff's Notice of Change of Address (Dkt. No. 36), and the deadline was extended to May 18, 2018. (Dkt. No. 37). When the Plaintiff responded on April 27, 2018, the filing once again careened wildly from 9/11 hijackers, to Benghazi, to drug trafficking, to allegations of FBI brainwashing and "reprogramming." (Dkt. No. 40). The Plaintiff had already been warned twice by this Court that a failure to file a plausible claim would result in dismissal. (Dkts. Nos. 34, 37). The Court now recommends that this claim should be dismissed as clearly baseless.

Finally, the Court observes that this is not Plaintiffs' first sojourn into federal court. On at least three prior occasions, Plaintiffs have had frivolous filings dismissed. One claim was filed against DHS and dismissed for improper venue. *See Dierdre Celeste Cortes v. Dept. of Health & Hum. Servs.*, Miscellaneous Action No. 5:13-MC-690 (S.D. Tex. November 12, 2013). Another was a claim against San Diego County, but filed in Newnan, Georgia, in 2014. *See Dierdre Celeste Cortes, et al. v. County of San Diego, California*, Civil Action No. 3:14-CV-108-TCB (S.D. Ga. July 9, 2014). And in the criminal case underway in New York against the drug kingpin known as Joaquin "El Chapo" Guzman and his associates, Ms. Coddington attempted to file an amicus brief on grounds of national security; the request was denied. *United States v. Beltran-Leyva et al.*, 1:09-CR-00466-BMC-RLM (E.D. N.Y. March 7, 2017). The Plaintiff is cautioned against filing a third meritless lawsuit in the Southern District of Texas because it could justify the Court in imposing a prefiling injunction. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) ("a district court may sua sponte impose a pre-filing injunction to deter vexatious filings."). A prefiling injunction would prohibit the plaintiff from filing directly or indirectly, in the Southern District of Texas without first receiving written permission from the Judge or one of her associates. *See Clark v. Mortenson*, 256 F. Supp. 2d 661, 666 (S.D. Tex. 2002).

## Recommendation

In light of the above, the undersigned Recommends that after an independent review of the record that the District Court **DISMISS** these claims as frivolous, and for failing to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). It is recommended that the Clerk of Court be **DIRECTED** to close this case. Lastly, the Court recommends that the District

Court Judge warn the plaintiff about the potential consequences of filing a third meritless lawsuit in the Southern District of Texas.

### **Warnings**

The parties may file objections to this Report and Recommendation, unless they waive the right to do so. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report—or the party's waiver of the right to do so—shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SIGNED this 12th day of September, 2018.

*Diana Song Quiroga*
DIANA SONG QUIROGA
United States Magistrate Judge